[Civ. No. 4199. First Appellate District, Division One.—May 8, 1922.]

ELMER E. McGUIRE, Appellant, v. ALUMINUM PRODUCTS COMPANY OF THE PACIFIC COAST (a Corporation), Respondent.

[1] CONTRACT—SOLICITING ORDERS FOR GOODS — NUMBER OF PROCURED ORDERS—FINDING—CONFLICT OF EVIDENCE—APPEAL.—Where in an action for breach of a contract for the soliciting of orders for goods to be manufactured by the defendant, there is sufficient evidence to support the finding as to the amount of orders procured, the determination cannot be disturbed on appeal.

[2] ID. — PERFORMANCE OF CONTRACT BY EMPLOYER — EXPENSES INCURRED BY SOLICITOR. — Where a contract for the soliciting of orders for goods provided that the solicitor was to receive a commission of twenty-five per cent on sales but did not provide that any additional sum was to be paid by way of commissions or expenses, the solicitor was not entitled to expenses incurred in an endeavor to persuade his employer to perform his contract.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles L. Brown and Albert E. Carter for Appellant.

Breed & Burpee for Respondent.

TYLER, P. J.—This is an action to recover damages for breach of contract. In substance the complaint alleges that on the fifth day of March, 1919, plaintiff and defendants entered into an agreement in writing by which the Aluminum Products Company agreed to manufacture and ship certain articles of aluminum ware and cause the same to be transported for the purpose of filling orders to be solicited by plaintiff; that by the terms of said contract plaintiff was to receive a commission of twenty-five per cent on sales effected through his personal efforts. It is recited that the parties entered upon the performance of their agreement, and that plaintiff thereafter secured orders in the sum of $17,871.01, which defendant, in violation of its contract, failed to fill, thereby depriving plaintiff of his commission, amounting to the sum of $4,467.50. As flowing from this alleged breach of contract plaintiff claims special damages in the sum of $3,809.22. In support of his claim for special damages plaintiff alleges:

1. That he was in Chicago engaged in the fulfillment of his contract when he discovered defendant's neglect and failure to perform its contract, and that in consequence he was required to return to Oakland, where the factory of defendant company is situate, where he was compelled to remain from June 20, 1919, to July 10, 1919, in an effort to induce defendant to make deliveries, and by reason thereof was required to expend for railroad fare, hotel bills, and other expense the sum of $756.10.

2. That during this period plaintiff had a number of salesmen working for him in different parts of the country selling goods under the contract; that in consequence of defendant's breach in not filling such orders, plaintiff was required to lose the time of four salesmen for the period of two weeks, thereby causing plaintiff to suffer a loss of $2,442.24.

3. That on September 15, 1919, because of defendant's breach, plaintiff was again required to go to Oakland and incur additional expense and suffer additional loss occasioned by the delay of defendant in making deliveries, in the sum of $240.

4. That certain postcards, order blanks, booklets, etc., prepared by plaintiff and furnished to defendant, were not used, thereby damaging plaintiff in the further sum of $216.

5. That on account of such breach of contract certain goods shipped were returned to the factory and the commission thereon was by defendant charged back to plaintiff, and this item of damages is alleged to amount to the sum of $154.98.

Defendant denied the securing of the orders as alleged by plaintiff, and also denied all special damage and set up payment on account of demands of plaintiff, in the sum of $1,818.30.

[1] After trial the court found against plaintiff on every item claimed as special damage, but found that defendant had failed to fill accepted orders in the sum of $8,662.95, upon which plaintiff was entitled to a commission of twenty-five per cent, or the sum of $2,165.73; that defendant had paid on account thereof, as alleged in its answer, the sum of $1,818.30, leaving a balance due to plaintiff in the sum of $347.42, for which sum plaintiff was given judgment. Plaintiff appeals from such judgment and as grounds for reversal contends that the evidence does not support the finding that the unfilled orders were limited to the sum of $8,662.95, it being claimed that the evidence establishes plaintiff's allegation that the total amount of orders procured and not filled amounted to the sum of $17,870.01. The only evidence to support the issue of the total amount of orders taken and not filled is found in the testimony of plaintiff himself. A bill of particulars was demanded by defendant, which was ordered furnished by the court. In conformity therewith a statement was produced by plaintiff of the amount of his alleged sales, but there was testimony showing that many of the items contained therein were erroneous. Upon this subject there was a conflict of testimony. There was, however, sufficient evidence to support the finding of the trial court as to the amount of orders procured, and under the well-established rule this determination cannot be disturbed on appeal. Appellant further claims that there is no pleading to justify or evidence to support the finding as to the portion of the amount found by the trial court to have been paid to him on account. The record does not support this contention. Defendant, by amended answer, pleaded payment, and there is testimony to show that plaintiff was paid all the commissions to which the court found him to be entitled.

Upon the question of special damage the finding of the court as to the first four claims above enumerated is as follows: ''The court makes no finding thereon for the reason that such averments, and each of them, are immaterial and surplus averments in said complaint and any finding thereon would be a finding upon an immaterial issue, and for the further reason that no evidence was introduced at the trial in support of such averments.''

[2]    These alleged claims for special damages are all based upon the one breach of the contract. The contract, however, nowhere provides that defendant was to pay any sums by way of commissions or expenses, in excess of the twenty-five per cent on the price list. This was the sole compensation which plaintiff was to receive. Whatever arrangements he made with his salesmen or whatever sums he expended for his traveling expenses and stationery was a matter that concerned him alone. Under such circumstances expenses incurred in an endeavor to persuade a defendant to perform his contract are not the natural and proximate result of the act complained of. We are of the opinion, therefore, that the trial court rightfully concluded that these items were duplicated claims, as the commission provided for covered them.

Upon the fifth item of special damage, which is based upon the alleged fact that certain goods were delivered, then shipped back to the factory and the commission thereon originally credited was 'charged back against plaintiff's account, the court found upon sufficient evidence that the return of the goods was not caused by any act or omission upon the part of the defendant, for which reason plaintiff was entitled to no commission thereon.

No other questions are presented.

For the reasons given the judgment is affirmed.

Kerrigan, J., and Knight, J., *pro tem.*, concurred.